UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
GAMEL BROWNE, *pro se*,  :
 :  **MEMORANDUM AND ORDER**
                              Petitioner,  :  11-CV-201 (DLI)
 :
            -against-  :
 :
PHILIP HEATH,  :
 :
                              Respondent.  :
------------------------------------------------------------ x
**DORA L. IRIZARRY, U.S. District Judge:**

By the instant petition filed January 10, 2011, *pro se*[1] Petitioner Gamel Browne ("Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 11-CV-201.) In addition, by letter dated July 22, 2011, Petitioner seeks to consolidate his January 10, 2011 petition with his petition filed February 12, 2011. (*See* Docket No. 11-CV-1078; Docket No. 11-CV-201, Entries Nos. 9 and 12, respectively.) On March 28, 2011, Respondent moved to dismiss the petition because Petitioner did not satisfy the "in custody requirement" (discussed more fully below. For the reasons set forth below, Respondent's motion to dismiss the petition is granted as the court lacks jurisdiction over the January 10, 2011 petition. (*See* Docket No. 11-CV-201, Entry No. 1 ("Pet.").) Accordingly, the instant petition is dismissed and Petitioner's request for consolidation is denied as moot.

---

[1] In reviewing plaintiff's petition, the court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the court interprets the petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

**BACKGROUND**

By his petition filed January 10, 2011, Petitioner challenges his February 21, 2001 conviction by plea of guilty to assault in the second degree, entered in the Supreme Court of the State of New York, ("Supreme Court"), Queens County. (*See* Pet. ¶¶ 1-2, 4-6.) Petitioner was sentenced to a period of five years of imprisonment. (*See* Pet. ¶ 3.) Petitioner did not immediately file an appeal of his 2001 conviction in state court. (*See* Pet. ¶ 8.) In November 2003, Petitioner was released from prison and placed on post-release supervision for a period of five years. (*See* Docket No. 11-CV-201, Entry No. 5, Affidavit of Johnette Traill ("Traill Aff.") ¶ 15.) In May 2004, Petitioner was taken into custody and re-incarcerated by the New York State Division of Parole for violating the terms of his post-release supervision. (*See* Docket No. 11-CV-201, Entry No. 1, Memorandum in Support of Petition ("Pet. Mem.") at 3.) In December 2004, Petitioner was again released and placed on post-release supervision. (*See id.*) On January 30, 2007, Petitioner was convicted after a trial by jury in Queens County Supreme Court of one count of assault in the second degree. (*See* Pet. ¶ 17; Traill Aff. ¶ 17.) He was sentenced to an indeterminate period of imprisonment of nineteen years to life, which he is currently serving. (*See id.*)

On May 18, 2007, while in custody on his 2007 conviction, Petitioner filed a motion in Queens County Supreme Court pursuant to N.Y. C.P.L. § 440 ("440 motion"), to set aside his February 21, 2001 guilty plea on the grounds that the "plea was not knowing, voluntary, nor intelligent," and trial counsel provided ineffective assistance. (*See* Pet. ¶ 11(b)(5).) Petitioner's 440 motion was denied on July 8, 2010. *See People of the State of New York v. Gamel Browne*, No. 2202/1999 (Jul. 8, 2010); (Pet. ¶ 11(b)(5)). Also, while "[a]pparently the New York State Department of Correctional Services administratively added a period of post-release supervision

to [D]efendant's determinate sentence despite the fact that [D]efendant was not sentenced to post-release supervision by the court," the Supreme Court's July 8, 2010 opinion re-sentencing Petitioner to a determinate sentence of five years clarifies that Petitioner is not in fact subject to post-release supervision on his 2001 conviction. *Gamel Browne*, No. 2202/1999 at 2-3; (*see also* Pet. ¶¶ 11(a)(5), 11(b)(5); Pet. Mem. at 3).

In the instant petition, Petitioner argues that his 2001 state court conviction was unconstitutional because: (i) Petitioner's conviction was barred by Fifth Amendment collateral estoppel, as the jury's decision to acquit him of attempted murder and assault in the first degree precluded further litigation; (ii) trial counsel provided ineffective assistance by urging Petitioner to enter a guilty plea to a charge that contained the same elements as the charges of which he was acquitted; (iii) Petitioner's guilty plea was not knowing, voluntary, and intelligent because he was not aware that he would be subject to post-release supervision; and (iv) the court failed to appoint counsel at proceedings wherein Petitioner moved to withdraw his guilty plea and at his re-sentencing.

On March 28, 2011, in response to this court's January 27, 2011 Order to Show Cause, Respondent filed a Motion to Dismiss the instant habeas petition arguing that Petitioner fails to satisfy the "in custody" requirement of Section 2254 for the 2001 conviction. (*See* Docket No. 11-CV-201, Entry No. 2.)

## **DISCUSSION**

The federal habeas statute gives the court jurisdiction to review petitions for habeas relief only from persons who are "*in custody* pursuant to the judgment of a State court." 28 U.S.C. § 2254(a) (emphasis added). Thus, to proceed on a petition for a writ of habeas corpus, a petitioner must make a threshold showing that he or she is " 'in custody' under the conviction or

sentence under attack at the time [the] petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* at 492; *see also Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401-02 (2001). Thus, a habeas petitioner does not "remain[] 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted." *Maleng*, 490 U.S. at 491-92.

Here, Petitioner challenges a conviction for which he was released from prison in December 2004.[2] (*See* Resp. Opp., Ex. 3; Pet. Mem. at 3.) Although there was some confusion as to whether Petitioner was subject to any post-release supervision for the 2011 conviction, the Supreme Court proceedings held on July 8, 2010 clarified that Petitioner was not subject to any post-release supervision for the 2001 conviction. Furthermore, regardless of whether the five-year period of post-release supervision was applied, Petitioner was not in custody pursuant to the 2001 conviction at the time he filed the instant petition for habeas relief on January 5, 2011.

The court does not construe the instant petition to be a challenge to the conviction for which Petitioner is currently incarcerated because Petitioner has filed a separate petition challenging his 2007 conviction. (*See* Docket No. 11-CV-1078.) However, even were the court to allow Petitioner to add a claim to his Petition challenging his 2007 conviction on the ground that his current sentence was enhanced by the allegedly invalid 2001 state court conviction, the claim would be barred because "[the] prior conviction used to enhance [petitioner's] federal

---

[2] There seems to be some uncertainty regarding the precise date of Petitioner's release, (*compare* Docket No. 11-CV-201, Entry No. 5, Respondent's Motion to Dismiss ("Resp. Opp."), Ex. 3; Pet. Mem. at 3, *and* Traill Aff. at ¶ 15), thus, the court uses the "latest release date" listed by the New York State Department of Correctional Services, (*see* Resp. Opp. Ex. 3).

4

sentence is no longer open to direct or collateral attack in its own right." *See Coss*, 532 U.S. at 402, 404-08 (quoting *Daniels v. United States*, 532 U.S. 374 (2001)). Although an exception to that rule exists when "petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment," *Coss*, 532 U.S. at 404 (citing *Gideon*, 372 U.S. 335), here Petitioner admittedly had counsel when he entered into his guilty plea. (*See* Pet. at 7.) Furthermore, Petitioner's argument that counsel provided ineffective assistance would not warrant application of the *Coss* exception to the "in custody" requirement, because a claim of ineffective assistance does not constitute a *Gideon*[3] violation of the Sixth Amendment right to counsel. *See Facen v. Cully*, 2011 WL 2133024, at *6 (W.D.N.Y. May 31, 2011). Even if Petitioner were, as he claims, denied counsel on his motion to withdraw his guilty plea and at the resentencing, that does not change the fact that he had counsel during his initial guilty plea and, thus, Petitioner's conviction was obtained when he had the assistance of counsel.

Notably, Petitioner's claim that defense counsel urged him to plead guilty to a charge that had the same elements as those of which he was acquitted, is meritless. Petitioner was acquitted of attempted murder in the second degree, N.Y. Penal Law § 125.25, and assault in the first degree, N.Y. Penal Law § 120.10[1], and he pled guilty to assault in the second degree, N.Y. Penal Law § 120.05[1] & [2]. Although the elements required for a finding of guilt of attempted murder in the second degree, assault in the first degree and assault in the second degree have some similarities, they are distinguishable. For example, Petitioner could be found guilty of assault in the second degree for causing an injury to a person or a third person without using a deadly weapon or dangerous instrument, *see* N.Y. Penal Law § 120.05[1], whereas to be found

---

[3] *Gideon v. Wainwright*, 372 U.S. 335 (1963).

guilty of assault in the first degree pursuant to N.Y. Penal Law § 120.10[1], Petitioner would have to cause injury by means of a deadly weapon or a dangerous instrument. Petitioner could also be found guilty of assault in the second degree for causing physical injury to another person by means of a deadly weapon or dangerous instrument, *see* N.Y. Penal Law § 120.05[2], whereas to be found guilty of assault in the first degree pursuant to N.Y. Penal Law § 120.10[1], Petitioner would have to cause serious physical injury by means of a deadly weapon or a dangerous instrument. Furthermore, Petitioner seems to have challenged his guilty plea and sentencing because he believed he would be subject to a period of post-release supervision which, as clarified by the Supreme Court's July 8, 2010 order, does not apply to his 2001 conviction.

Therefore, the instant petition is dismissed because Petitioner has failed to satisfy the "in custody" requirement of Section 2254(a) and, consequently, the court does not have jurisdiction to decide it. As a result, the court need not address the merits of the petition.

## **CONCLUSION**

For the reasons set forth above, Respondent's motion is granted, the instant petition for writ of habeas corpus is dismissed and Petitioner's request to consolidate the instant petition with his petition filed in Docket No. 11-CV-1078 is denied as moot. A certificate of appealability shall not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

Dated: Brooklyn, New York
November 10, 2011

/s/
DORA L. IRIZARRY
United States District Judge